■ FRED JURGENS, Respondent, v WHITEFACE RESORT ON LAKE PLACID, L.P., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [742 NYS2d 142] —Lahtinen, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 27, 2001 in Saratoga County, which, inter alia, denied certain defendants' motions for summary judgment dismissing the complaint against them.

On July 10, 1998, plaintiff, a construction worker employed by third-party defendant, Central Adirondack, Inc., a company owned by Doug Allen, was injured during the course of his

employment. Plaintiff had been working in various areas of a real estate development owned by defendant Whiteface Club Real Estate and Development Company, LLC (hereinafter Whiteface Development) and defendant Whiteface Resort on Lake Placid, L.P. (hereinafter Whiteface Resort) and managed by defendant Vermont-Friesland Corporation. His injury occurred on lot 14 of the development which, on July 10, 1998, was titled in Whiteface Development, but under contract for sale to defendant Adirondack Home Builders, Ltd. Adirondack had hired Allen to clear the trees from lot 14. On July 10, 1998, the trees had already been removed but the stakes designating the area to be cleared, which had been placed by Adirondack's engineering firm, remained in place on the lot. As plaintiff was attempting to retrieve surveying equipment from lot 14[1] during a thunderstorm, a tree located outside the cleared portion of that lot[2] fell onto the cab of his pickup truck while he was inside it, causing him severe injuries.

Plaintiff brought this action against Whiteface Resort, Vermont-Friesland, Whiteface Development and Adirondack (hereinafter collectively referred to as defendants) and another, alleging that they knew or should have known that the tree which fell on his truck was diseased and that it created a hazardous condition. His complaint asserted causes of action under Labor Law §§ 200, 240 (1) and § 241 (6) and common-law negligence. Whiteface Development, Whiteface Resort and Vermont-Friesland, who jointly answered the complaint, commenced a third-party action against Central and, after discovery, moved for summary judgment dismissing the complaint and all cross claims against them. Adirondack thereafter cross-moved for summary judgment dismissing the complaint against it. Plaintiff withdrew his causes of action under Labor Law § 240 (1) and § 241 (6), but opposed dismissal of his remaining causes of action. Supreme Court denied the motions and defendants now appeal. We affirm.

In opposition to defendants' motions for summary judgment, plaintiff submitted evidentiary proof in admissible form, including the affidavit of Warner Deitz, an expert forester, which incorporated Deitz's expert report. Deitz opined that the observable extensive decay on the tree which fell on plaintiff's truck was significant and that the tree was "an obvious hazard * * * requiring special precautions to protect personnel and

---

1. Central had been hired by Adirondack to do the excavation on lot 14 for construction of a new home, which was to start shortly.

2. It is not clear from the record whether the tree which fell was located on an uncleared portion of lot 14 or on adjacent property.

equipment working in the area." Deitz's nonconclusory affidavit setting forth his opinion, which was based on facts revealed by his detailed investigation, was sufficient to raise an issue of fact regarding the existence of the dangerous condition and defendants' constructive notice of that condition. Liability may arise for plaintiff's injuries from the fallen tree which was in a decayed and dangerous condition when, as here, the landowner may be charged with actual or constructive notice of the condition of the tree prior to when it fell (*see, e.g., Harris v Village of E. Hills,* 41 NY2d 446, 449; *Newman v City of Glens Falls,* 256 AD2d 1012, 1013; *Rinaldi v State of New York,* 49 AD2d 361, 363). Consequently, assuming that defendants met their burden on their motions for summary judgment, their motions were properly denied as questions of fact exist regarding defendants' ownership[3] of the land upon which the tree was located and constructive notice of the tree's dangerous condition.

While on these facts we perceive no distinction between the liability imposed by the different causes of action, we also agree that Supreme Court properly denied that part of defendants' motions seeking dismissal of the Labor Law § 200 cause of action. Labor Law § 200 "is a codification of the common-law duty imposed upon an owner or general contractor to provide * * * workers with a safe place to work" (*Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877; *see, Lyon v Kuhn,* 279 AD2d 760, 761). Defendants do not dispute that plaintiff was in the course of his employment when he was injured. Furthermore, on July 10, 1998, Whiteface Development, as titled owner of lot 14, and Adirondack, as contract vendee of lot 14, were owners of that work site who could be subject to owner liability under Labor Law § 200 (*see, Nephew v Barcomb,* 260 AD2d 821, 822; *DeFreece v Penny Bag,* 137 AD2d 744, 745).

Here, plaintiff's injuries resulted from a dangerous condition existing at a work site, not the method or manner in which he was performing his work. Where the injury is caused by a defect or dangerous condition at the work site, plaintiff must show that defendants had actual or constructive notice of the unsafe condition which caused the accident (*see, Whitaker v Norman,* 146 AD2d 938, 939, *affd* 75 NY2d 779; *see also, Allen*

3. On July 10, 1998, Whiteface Development, Whiteface Resort and Vermont-Friesland could arguably be said to have an interest which could subject them to ownership liability. Whiteface Development was the titled owner of lot 14. There was no proof that Whiteface Resort, which transferred title to various properties in the development at issue to Whiteface Development, transferred title to any possibly involved property adjoining lot 14. Vermont-Friesland was an agent of the Whiteface entities. We also note that Adirondack was a contract vendee of lot 14 on that date.

*v Cloutier Constr. Corp.*, 44 NY2d 290, 299; *Akins v Baker*, 247 AD2d 562, 563). This is distinguishable from the situation where a plaintiff's injury arises from the manner in which the work was being performed, which requires a plaintiff to show that the owner sought to be held liable "both exercised supervisory control over the operation and had actual or constructive knowledge of the unsafe manner in which the work was being performed" (*Lyon v Kuhn, supra* at 761; *see, Comes v New York State Elec. & Gas Corp., supra* at 877-878; *Lombardi v Stout*, 80 NY2d 290, 295; *Soshinsky v Cornell Univ.*, 268 AD2d 947). Consequently, on this record, plaintiff's submissions in opposition to defendants' summary judgment motions preclude judgment for defendants as a matter of law and Supreme Court's order must be affirmed.

Mercure, J.P., Crew III, Mugglin and Rose, JJ., concur. Ordered that the order is affirmed, with costs.