■ John Gadani et al., Plaintiffs, v Dormitory Authority of the State of New York et al., Respondents, and DeBrino Caulking Associates, Inc., Appellant, et al., Defendant. (And a Third-Party Action.) [841 NYS2d 709]—

Spain, J. Appeal from an order of the Supreme Court (Teresi, J.), entered July 19, 2006 in Albany County, which, inter alia, granted certain defendants' motions for summary judgment dismissing the amended complaint against them.

The instant personal injury action arises out of construction work being done on Court of Appeals Hall in the City of Albany. The owner of the building, defendant Dormitory Authority of the State of New York (hereinafter DASNY), contracted with defendant BBL Construction Services, LLC to serve as the project manager. To perform the actual construction work, DASNY contracted with "prime contractors" that were responsible for individual aspects of the project. Defendant DeBrino Caulking Associates, Inc. was hired by DASNY as the prime contractor for masonry, and DeBrino subcontracted with third-party defendant, Marinello Construction Company, which employed plaintiff John Gadani (hereinafter plaintiff). Additionally, DASNY contracted with defendant August Bohl Contracting Company (hereinafter Bohl) to provide snow removal services at the job site. BBL subcontracted with defendant Landon & Rian Enterprises, Inc. (hereinafter L & R) to provide safety inspection services.

As part of the construction site, a parking lot adjacent to Court of Appeals Hall was fenced in and identified as the "staging area" where contractors would work and store materials. On January 7, 2003, plaintiff drove a Gradall forklift through the main portion of the staging area, which was covered with snow and ice, to the work area used by Marinello. Plaintiff

exited the cab of the forklift, took two steps towards a mixing shanty, then fell and fractured his ankle, the repair of which required surgery and the installation of a permanent metal plate and screws.

Plaintiff and his wife, derivatively, commenced this action against DASNY, BBL, Bohl, L & R and DeBrino alleging negligence and Labor Law violations, and DASNY, BBL and Bohl brought a third-party complaint against Marinello. Additionally, DeBrino brought cross claims against DASNY, BBL, Bohl and L & R, and DASNY, BBL and Bohl, who jointly answered the complaint, cross-claimed against DeBrino and L & R. In May 2006, L & R moved for summary judgment dismissing the amended complaint and all cross claims against it. Shortly thereafter, DASNY, BBL and Bohl also moved for summary judgment dismissing all claims against them. Supreme Court granted the summary judgment motions in a decision entered in July 2006 dismissing the amended complaint and cross claims against L & R, DASNY, BBL and Bohl. DeBrino appeals so much of the court's order as granted summary judgment to DASNY, BBL and Bohl.*

Summary judgment is a drastic remedy and should only be granted when no material facts are sufficiently disputed as to warrant a trial (*see Matter of La Bier v La Bier*, 291 AD2d 730, 732 [2002], *lv dismissed* 98 NY2d 671 [2002]). The totality of the evidence should be viewed in a light most favorable to the nonmoving party and we should accord it the benefit of every reasonable inference (*see Tenkate v Tops Mkts., LLC*, 38 AD3d 987, 989 [2007]). The court's function on a motion for summary judgment is issue finding not issue determination and, where a genuine issue of fact exists, summary judgment must be denied (*see id.*; *Pronti v Cicora*, 35 AD3d 1007, 1007 [2006]).

Initially, we find that Bohl was properly granted summary judgment on the basis that it owed no duty to plaintiff. Plaintiffs' claims against Bohl are premised on Bohl's alleged breach of its contract for snow removal with DASNY and, "ordinarily, breach of a contractual obligation will not be sufficient in and of itself to impose tort liability to noncontracting third parties" such as plaintiffs (*Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]). A contractual obligation, even if breached, will only give rise to a duty to noncontracting third parties in three, limited situations: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, 'launche[s] a force or instrument of harm';

---

* Plaintiffs have withdrawn their appeal and DeBrino has not appealed Supreme Court's grant of summary judgment in favor of L & R.

(2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002] [citations omitted]; *see Karac v City of Elmira*, 14 AD3d 842, 844 [2005]).

Here, only the first ground for liability is asserted. Thus, the dispositive issue is whether a question of fact exists as to whether Bohl's alleged conduct "ha[d] advanced to such a point as to have launched a force or instrument of harm" (*Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]), i.e., whether Bohl engaged in affirmative conduct which made the staging area "less safe . . . than it was before the [snow removal] began" (*Church v Callanan Indus., supra* at 112; *Wyant v Professional Furnishing & Equip., Inc.*, 31 AD3d 952, 954 [2006]).

DeBrino contends that Bohl's failure to promptly remove snow led to the icy condition which caused plaintiff's fall because heavy vehicular and pedestrian traffic in the staging area caused the snow to pack down, leaving a hard, icy surface which Bohl allegedly failed to clear. At best, these allegations assert that it was Bohl's inactivity in failing to plow the area before the surface became packed down and then failing to clear the hard-packed snow to the pavement that contributed to plaintiff's fall. There is no assertion that Bohl's snow removal efforts rendered the area "less safe" than it would have been had Bohl not acted at all (*Church v Callanan Indus., supra* at 112; *see Anderson v Jefferson-Utica Group, Inc.*, 26 AD3d 760, 761 [2006]; *cf. Rak v Country Fair, Inc.*, 38 AD3d 1240, 1241 [2007]). Accordingly, Bohl's motion for summary judgment was properly granted.

Turning to plaintiffs' Labor Law § 200 and common-law negligence claims, we conclude that Supreme Court's grant of summary judgment to DASNY and BBL was unwarranted. Labor Law § 200 is a "codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *see Jurgens v Whiteface Resort on Lake Placid*, 293 AD2d 924, 926-927 [2002]). Where a plaintiff's claim arises due to a defect or dangerous condition at the work site, the plaintiff must show that the defendants had actual or constructive notice of the condition that caused the accident and control over the place where the injury occurred (*see Wolfe v KLR Mech., Inc.*, 35 AD3d 916, 918 [2006]; *Jurgens v Whiteface Resort on Lake Placid, supra* at 926-927; *Johnson v Packaging Corp. of Am.*, 274 AD2d

627, 629 [2000]). Where a defendant moves for summary judgment dismissing a Labor Law § 200 claim, it must establish, as a matter of law, that it did not create, nor have actual or constructive notice of, the dangerous condition alleged (*see Wolfe v KLR Mech., Inc., supra* at 919; *Bonse v Katrine Apt. Assoc.*, 28 AD3d 990, 991 [2006]).

Here, there is record support that both DASNY and BBL exercised control over the staging area where plaintiff's injury occurred. According to the contract between DASNY and BBL, BBL was to oversee the safety of the job site. DASNY's field representative for the project testified that both DASNY and BBL, as an agent of DASNY, were empowered to stop work on the job site if there were safety concerns and correct the condition by giving direction to a third party. A representative from Bohl stated that its obligation to plow the staging area could be triggered by a request from BBL and that, if packed snow were to be removed from the area, it would have to be specifically requested by BBL. DASNY's representative further testified that he had overheard BBL's project manager on the phone with Bohl requesting that bigger equipment be provided after a major snowstorm.

A question of fact also exists as to whether DASNY and BBL had actual and/or constructive notice of the dangerous condition alleged by plaintiffs. Representatives from both DASNY and BBL were present at the job site daily and BBL made extensive reports of, among other things, workers present, work performed, and weather conditions. BBL's reports indicate that, subsequent to a 20-inch snowstorm on January 3-4, 2003, Bohl only removed snow from the front of the building and, on January 6, 2003, the day before plaintiff's accident, Bohl finally began to remove snow from the staging area. Despite such efforts, a representative from DeBrino testified that conditions on the lot after Bohl plowed on the afternoon of January 6 were icy and snow-packed. Such conditions appeared to be a recurring problem; in fact, DASNY's own field representative testified that he observed snow and ice in the staging area and had even slipped and fallen himself. As such, we find that whether DASNY and BBL had actual or constructive notice of the dangerous condition which led to plaintiff's injury is an issue of fact most appropriately determined by a factfinder.

Mercure, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendants Dormitory Authority of the State of New York and BBL Construction Services, LLC for summary judgment dismissing the cross

claims of defendant DeBrino Caulking Associates, Inc. against them; motion denied to that extent; and, as so modified, affirmed.