■ DEWITT ELSEY, Appellant, v CLARK TRADING CORPORATION et al., Respondents. [871 NYS2d 439]—

Stein, J.

Plaintiff alleges that he slipped and fell on a patch of ice in the Price Chopper parking lot located at 1640 Eastern Parkway in the City of Schenectady, Schenectady County on February 1, 2004. He arrived at the store at approximately 11:00 P.M. and parked his car about 40 to 50 feet from the store's entrance and about 30 feet from a large snow bank. Upon completing his shopping approximately 20 minutes later, plaintiff returned to his car and, after loading his groceries into the car, slipped and fell.

Plaintiff commenced this action against defendants Clark Trading Corporation (the owner of the premises), Price Chopper Operating Company, Inc. and the Golub Corporation (hereinafter collectively referred to as Price Chopper) and defendant JRP Enterprises, Inc. (the company with which Price Chopper contracted to provide snowplowing services), seeking compensation for injuries that he alleges he sustained as a result of the fall. Price Chopper moved for summary judgment and JRP cross-moved for summary judgment dismissing all claims. Supreme Court granted the motion and cross motion. Because we find that questions of fact exist with respect to defendants' liability, we reverse.

For Price Chopper to prevail on its summary judgment motion, it must be established as a matter of law that the property in question was maintained " 'in a reasonably safe condition and that [Price Chopper] neither created the allegedly dangerous condition existing thereon nor had actual or constructive notice thereof' " (*Mokszki v Pratt*, 13 AD3d 709, 710 [2004], quoting *Richardson v Rotterdam Sq. Mall*, 289 AD2d 679, 679 [2001]). Here, Supreme Court properly found that Price Chopper met its initial burden of demonstrating that it reasonably maintained the parking lot through, among other things, evidence of a contractual arrangement with JRP to keep all areas free of snow and the records of JRP showing the snow maintenance work that JRP had performed. Thus, the burden shifted to plaintiff to raise a question of fact requiring a trial (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067-1068 [1979]).

Plaintiff testified that, on the night he fell, the pavement of the parking lot appeared wet, there was a large pile of snow ap-

proximately 30 feet from where he parked, and the parking lot sloped away from the pile of snow. Plaintiff also provided the affidavit of a meteorologist and weather records for the time period immediately preceding his fall. Based upon the relevant weather data and an analysis of the weather conditions, the meteorologist opined that those conditions created and contributed to the ice formation where plaintiff fell.* Further, defendants' records showed no snow or ice maintenance performed on the parking lot from January 28, 2004 through February 2, 2004. Significantly, Joshua Plue, JRP's principal, testified that he knew that snow tended to melt and refreeze in the area where plaintiff fell. In addition, Plue testified that there were other designated areas around the perimeter of the parking lot at "points furthest away from entrances of the store" where JRP also piled snow in accordance with Price Chopper's instructions. Considering the evidence in the light most favorable to plaintiff (*see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1219 [2007]), we find that plaintiff has raised questions of fact sufficient to require a trial.

We also reject JRP's contention that it owed no duty to plaintiff as a matter of law. There is sufficient evidence to conclude that JRP created a dangerous condition by plowing snow into a pile in the location in question in view of the risk created by the freezing of the resulting runoff therefrom—thereby falling within an exception to the general rule that breach of a contractual obligation does not give rise to a duty to a noncontracting third party (*see Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1316 [2007]; *cf. Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141, 142, 143 [2002]; *Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d at 1219-1220). In addition, plaintiff has raised a question of fact as to whether JRP breached its duty to plaintiff and, if so, whether such breach was a proximate cause of plaintiff's injury (*see Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d at 1316). Thus, JRP's cross motion should also have been denied.

Cardona, P.J., Peters, Carpinello and Kavanagh, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motions denied.

---

* The meteorologist indicated, among other things, that the amount of accumulated snow on the ground in the general area decreased during the period from January 26, 2004 through February 1, 2004. Defendants' argument to the contrary—that the temperatures on record would not have allowed for any melting to take place —creates an issue of fact.