■ CAROL GIBSON, Respondent, v DYNASERV INDUSTRIES, INC., Appellant. [931 NYS2d 161]—

Kavanagh, J.

Plaintiff sued to recover for injuries sustained when, in December 2002, she slipped on ice in the parking lot of the building where she was employed. Her employer, which leased the building, contracted with defendant to remove ice and snow from the building's driveway and parking lot. Defendant moved for summary judgment dismissing the complaint and Supreme Court denied the motion, prompting this appeal.

We reverse. It is now well settled that "[a] contractual obligation, even if breached, will only give rise to a duty to noncontracting third parties in three, limited situations: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1219-1220 [2007] [internal quotation marks and citations omitted]; *see Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1316 [2007]). None of these exceptions applies to the facts presented in this appeal, and defendant's motion for summary judgment should have been granted.

Here, plaintiff claims that defendant failed to perform its obligations under the contract and, as a result, allowed a condition to exist on the property that caused her to fall and be injured. In support of that contention, plaintiff offered the report of a meteorologist who concluded that she fell on ice that had formed in the parking lot after snow from a prior storm had melted and then, with the onset of lower temperatures, froze. Plaintiff claims that if defendant had properly inspected the premises as required by the contract, it would have discovered the ice prior to her fall, addressed it and, in all likelihood, the accident would not have occurred. More importantly, plaintiff does not claim that defendant created or exacerbated the conditions that existed in the parking lot that caused her to fall (*see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d at 1220; *see also Moch Co. v Rensselaer Water Co.*, 247 NY 160, 167 [1928]; *DiGrazia v Lemmon*, 28 AD3d 926, 928 [2006], *lv denied* 7 NY3d 706 [2006]). We also note that plaintiff has presented no evidence that defendant "left the premises in a more dangerous condition than [it] found them" or, launched a force or instrument of harm that caused her to fall and be injured (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 215 [2010]; *see Church v Callanan Indus.*, 99 NY2d 104 [2002]; *Moch Co. v Rensselaer Water Co.*, 247 NY at 167).

Further, we agree with defendant that the contract was not exclusive and did not "entirely displace[ ]" the duty of plaintiff's employer "to maintain the premises safely" (*Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d at 1220; *see Kearsey v Vestal Park, LLC*, 71 AD3d 1363, 1366 [2010]; *compare Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 588-589 [1994]). The contract specifically stated that it was "a non-exclusive agreement" and that "[plaintiff's employer] reserve[d] the right to undertake all work on its own behalf or through a third party." Moreover, plaintiff testified that ice melt was available on the premises and that, on occasion, she and other employees used it as conditions warranted, establishing that her employer retained some responsibility regarding maintenance of the premises (*see Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d at 1220).

Finally, plaintiff's claim that she relied upon defendant's contractual obligation to perform snow and ice removal on the premises is not supported by the record. Her status regarding the performance of this contract and the maintenance of the premises is no different and no more specific than that owed to the community-at-large, and no evidence has been presented either that plaintiff knew that defendant was responsible for ice

and snow removal on the premises or that she, in particular, as opposed to the community at large, was an intended beneficiary of the obligations that defendant assumed pursuant to this contract (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 141 [2002]; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 215). As a result, defendant's motion for summary judgment dismissing the complaint should have been granted.

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.