MINERVA HENRIQUEZ et al., Appellants, v INSERRA SUPERMARKETS, INC., Doing Business as SHOPRITE OF WEST HAVERSTRAW, et al., Respondents, et al., Defendant. (And a Third-Party Action.) [933 NYS2d 304]—

On December 7, 2004, the plaintiff Minerva Henriquez allegedly was injured when she slipped and fell in the parking lot of the West Haverstraw Samsondale Plaza shopping center (hereinafter the shopping center). The property was owned by DPSW Samsondale, LLC (hereinafter the owner). The area of the parking lot where the plaintiff fell was a part of the property leased by the defendant Inserra Supermarkets, Inc. (hereinafter Inserra). The shopping center was managed by an entity known as Paragon Management Group, LLC. The plaintiffs commenced this action one day before the expiration of the applicable statute of limitations (see CPLR 214 [5]), mistakenly naming Paragon Management Group, Inc., as one of the defendants, instead of Paragon Management Group, LLC (hereinafter Paragon). They attempted to serve Paragon by delivering the summons and complaint, with the misstated name, to the Secretary of State. The Supreme Court denied a motion by Paragon pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction, and granted the plaintiffs' cross motion pursuant to CPLR 306-b for

leave to extend their time to serve a summons and complaint upon Paragon with an amended caption correctly naming that defendant. Upon appeal, this Court reversed the order in its entirety, granted Paragon's motion to dismiss the complaint insofar as asserted against it for lack of personal jurisdiction, and denied the plaintiffs' cross motion for leave to extend their time to serve a summons and complaint upon Paragon, finding, inter alia, that "because [Paragon] was never served with process, the Supreme Court lacked personal jurisdiction over it" (see *Henriquez v Inserra Supermarkets, Inc.*, 68 AD3d 927, 928 [2009]).

While the prior appeal was pending, Paragon had commenced a third-party action against MCM Contracting, Inc. (hereinafter MCM Contracting), the company responsible, pursuant to the contract in effect at the time of the accident, for providing snow removal and salting services at the shopping center. The plaintiffs had named MCM Paving & Excavation, Inc. (hereinafter MCM Paving), in the complaint, rather than MCM Contracting. MCM Paving moved for summary judgment dismissing the complaint insofar as asserted against it. MCM Paving asserted that there was no cognizable theory under which it could be held liable, as there was no showing that it had a contractual relationship with any of the parties and, even if it had, it owed no duty to the injured plaintiff, who was not a party to the contract. MCM Paving further asserted that there was no evidence that it had ever performed any work in the area where the accident was alleged to have occurred. Inserra also moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that it did not have any ownership or control over the parking lot. In the order appealed from, the Supreme Court, inter alia, granted the motions. We affirm the order insofar as appealed from.

The Supreme Court properly granted Inserra's motion for summary judgment dismissing the complaint insofar as asserted against it. Inserra established, prima facie, its entitlement to judgment as a matter of law. In support of its motion for summary judgment, Inserra submitted evidence showing that the area where the accident allegedly occurred was part of the shopping center's common parking area, maintenance of which was the responsibility of the landlord and Paragon. In opposition, the plaintiffs failed to raise a triable issue of fact.

The Supreme Court also properly granted MCM Paving's motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs do not dispute that MCM Paving was not mentioned as a party to the snow and ice removal

contract. They contend, however, that MCM Paving and MCM Contracting were one and the same entity and, therefore, MCM Paving should be considered a party to the written snow and ice removal contract between MCM Contracting and Paragon. Even if this were true, MCM Paving was entitled to summary judgment dismissing the complaint insofar as asserted against it. The Court of Appeals has held that a contractual obligation, standing alone, generally will not give rise to tort liability in favor of a third party (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]). However, the Court identified three exceptions to the general rule, pursuant to which "a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launches a force or instrument of harm . . . (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties . . . and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id.* at 140 [internal quotation marks and citations omitted]; *see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 213 [2010]; *Crosthwaite v Acadia Realty Trust*, 62 AD3d 823, 824 [2009]; *Georgotas v Laro Maintenance Corp.*, 55 AD3d 666, 667 [2008]).

Here, MCM Paving demonstrated its prima facie entitlement to judgment as a matter of law (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]) "merely by coming forward with proof that the plaintiff was not a party to [the] snow removal contract and that [MCM Paving] therefore owed no duty of care to the plaintiff" (*Foster v Herbert Slepoy Corp.*, 76 AD3d at 214; *see Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677 [2008]; *Baratta v Home Depot USA*, 303 AD2d 434, 434-435 [2003]). Once MCM Paving made its prima facie showing, "the burden shifted to the plaintiff[s] to come forward with evidence sufficient to raise a triable issue of fact as to the applicability of one or more of the [above] three . . . exceptions" (*Foster v Herbert Slepoy Corp.*, 76 AD3d at 214; *see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). Contrary to the plaintiffs' contentions, they failed to offer evidence sufficient to raise a triable issue of fact regarding any of these exceptions. The terms of the snow and salt removal contract limited MCM Contracting's snow plowing obligation to snow accumulations of two inches or more. Where the express terms of the contract provide that a contractor is obligated to

plow only when snow accumulation exceeds a certain level, the Court of Appeals has held that such "contractual undertaking is not the type of 'comprehensive and exclusive' property maintenance obligation" that would entirely displace a landlord's or property manager's duty to "maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 141; *see Palka v Servicemaster Mgt. Servs. Corp.*, 83 NY2d 579, 584 [1994]).

With regard to alleged patching defects in the asphalt, there is no evidence that there was a written contract with either MCM Paving or MCM Contracting to provide that service. At most, according to the deposition testimony of a Paragon employee, there was an arrangement whereby an independent contractor retained by the shopping center landlord would report to Paragon any defects in the asphalt he observed. Based on that report, a Paragon employee would investigate the defect and, if he or she found a problem, contact MCM Paving. Such an arrangement is far from the "comprehensive and exclusive agreement" which would "entirely displace[ ] the owner's duty to maintain the premises in a safe condition" (*Foster v Herbert Slepoy Corp.*, 76 AD3d at 214; *see Espinal v Melville Snow Contrs.*, 98 NY2d at 141).

Likewise, the plaintiffs submitted no evidence to support their contentions that MCM Paving "negligently create[d] or exacerbate[d] a dangerous condition," and "launched a force or instrument of harm" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 141-142 [internal quotation marks omitted]) with regard to either snow and ice removal or patching the asphalt. "[B]y merely plowing the snow, as required by the contract, defendant's actions could not be said 'to have created or exacerbated a dangerous condition' " (*Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 361 [2007], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d at 142; *see Foster v Herbert Slepoy Corp.*, 76 AD3d at 215). With regard to the alleged defects in the asphalt, the deposition testimony of Paragon's employee that MCM Paving would be called to perform patching work when necessary is insufficient to raise a triable issue of fact as to whether MCM Paving ever actually repaired the area of the parking lot where the accident allegedly occurred.

Accordingly, the Supreme Court properly granted the separate motions of Inserra and MCM Paving for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Eng, Belen and Austin, JJ., concur.