■ JOANNE BAKER et al., Respondents, v GARY BUCKPITT, Individually and Doing Business as EARLY RISER, et al., Appellants. [952 NYS2d 666]—

Egan Jr., J.

In January 2006, plaintiff Joanne Baker fractured her left ankle when she slipped and fell in the parking lot of her employer, Wyeth Pharmaceuticals, at its facility in the Town of Chazy, Clinton County. As a result, Baker and her husband, derivatively, commenced this action against, among others, defendant Early Riser I, LLC, which had contracted with Wyeth to provide snow removal and salting/sanding services at its Chazy plant and another related facility.

Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint. Supreme Court dismissed the complaint as to defendants Gary Buckpitt (a member and manager of Early Riser I, LLC) and Early Riser Limited Partnership (the now-dissolved predecessor-in-interest to Early Riser I, LLC), but otherwise denied defendants' motion. Defendants now appeal from that part of Supreme Court's order as denied their motion for summary judgment dismissing the complaint against Early Riser I, LLC (hereinafter defendant).[1]

A finding of negligence must be based upon the breach of a duty; hence, our threshold inquiry is whether defendant, as the alleged tortfeasor, owed a duty of care to plaintiffs in the first instance (see *Espinal v Melville Snow Contrs.*, 98 NY2d 136, 138 [2002]; *Luby v Rotterdam Sq., L.P.*, 47 AD3d 1053, 1054 [2008]; *Seymour v David W. Mapes, Inc.*, 22 AD3d 1012, 1013 [2005]). Generally speaking, a limited contractual agreement to provide snow removal services—standing alone—will not give rise to tort liability in favor of a noncontracting injured third party (see *Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d 1102, 1103 [2010]; *Wheaton v East End Commons Assoc., LLC*, 50 AD3d 675, 677 [2008]; *Castro v Maple Run Condominium Assn.*, 41 AD3d 412, 413 [2007]; see also *Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 361 [2007]; *Espinal v Melville Snow Contrs.*, 98 NY2d at 138; *Grady v Hoffman*, 63 AD3d 1266, 1267 [2009]). The Court of Appeals has recognized three exceptions to this general rule: "(1) where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[;] and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140 [internal quotation marks and citations omitted]; see *Gibson v Dynaserv Indus., Inc.*, 88 AD3d 1135, 1135 [2011]; *Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d 1218, 1219-1220 [2007]). Although plaintiffs assert that two of the foregoing exceptions potentially are applicable here, thus warranting the denial of summary judgment in favor of defendant, plaintiffs' analysis of the liability issue misses the mark.

---

1. Buckpitt testified, and plaintiffs do not dispute, that Early Riser, LLC is an unrelated business entity that has no connection to this action. For that reason, defendants are entitled to summary judgment dismissing the complaint against Early Riser, LLC. Accordingly, Early Riser I, LLC is the sole remaining defendant.

"[T]he prima facie showing which a defendant must make on a motion for summary judgment is governed by the allegations of liability made by the plaintiff in the pleadings" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). Here, plaintiffs failed to allege—in either their complaint or bill of particulars—facts sufficient to trigger any of the three exceptions identified in *Espinal* and its progeny.[2] Absent such allegations, defendant was not required to affirmatively negate the possible applicability of those exceptions in order to discharge its initial burden on the motion for summary judgment; rather, defendant could demonstrate its prima facie entitlement to judgment as a matter of law "merely by coming forward with proof that [plaintiffs were] not [parties] to the contract between . . . defendant[ ] and [Wyeth]" (*Gordon v Pitney Bowes Mgt. Servs., Inc.*, 94 AD3d 813, 814 [2012]; *see Knox v Sodexho Am., LLC*, 93 AD3d 642, 642 [2012]; *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d 899, 901 [2011]; *Lubell v Stonegate at Ardsley Home Owners Assn., Inc.*, 79 AD3d at 1104; *Foster v Herbert Slepoy Corp.*, 76 AD3d at 214). As defendant tendered the underlying contract between it and Wyeth, thus establishing that it owed no duty to plaintiffs, the burden shifted to plaintiffs to come forward with sufficient proof to raise a question of fact in this regard. This they failed to do.

Pursuant to the contract between defendant and Wyeth, defendant was required to plow the parking lot only when called to do so by Wyeth's on-duty security supervisor (based upon an accumulation of three inches or more of snow) and, indeed, both the contract and Buckpitt's uncontradicted examination before trial testimony make clear that defendant did not in fact plow, salt, sand, scrape down or otherwise remove snow, slush or ice from the lot unless expressly directed to do so by Wyeth personnel. Under these circumstances, it cannot be said that the contract between defendant and Wyeth was "so comprehensive and exclusive a maintenance agreement as to entirely displace" Wyeth's duty to maintain the property safely (*Kearsey v Vestal Park, LLC*, 71 AD3d 1363, 1366 [2010] [internal quotation marks and citations omitted]; *see Espinal v Melville Snow Contrs.*, 98 NY2d at 141; *Castro v Maple Run Condominium Assn.*, 41 AD3d at 413; *cf. Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d at 901-902; *Parker v Rust Plant Servs., Inc.*, 9 AD3d 671, 673-674 [2004]). Accordingly, plaintiffs failed to raise a question of fact as to the applicability of this particular exception.

---

**2.** Plaintiffs simply alleged, in a conclusory and unsubstantiated fashion, that defendant created a dangerous condition upon the parking lot in question.

We reach a similar conclusion regarding whether defendant "launched a force or instrument of harm by creating or exacerbating the . . . condition that allegedly caused [Baker] to fall" (*Knox v Sodexho Am., LLC*, 93 AD3d at 643). As a starting point, there is nothing in the record to support plaintiffs' otherwise speculative claim that the conditions that Baker encountered in the parking lot on the morning in question were the result of a defect in defendant's snow removal efforts. Indeed, Baker testified at her examination before trial that, upon arriving at work, the parking lot "looked normal" to her, and she described the buildup of snow that she observed after her fall as residual snow that either fell off or had been cleaned off of another vehicle in the lot. Moreover, even if the snow observed by Baker was left over from defendant's prior plowing operations, the case law makes clear that "by merely plowing the snow in accordance with the [underlying] contract and leaving some residual snow or ice on the plowed area, [defendant] cannot be said to have created a dangerous condition and thereby launched a force or instrument of harm" (*Foster v Herbert Slepoy Corp.*, 76 AD3d at 215; *see Fung v Japan Airlines Co., Ltd.*, 9 NY3d at 361; *Espinal v Melville Snow Contrs.*, 98 NY2d at 142; *Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d at 902; *compare Elsey v Clark Trading Corp.*, 57 AD3d 1330, 1332 [2008]). Finally, plaintiffs have not alleged—and the record does not demonstrate—that any snow removal efforts undertaken by defendant, either on the day in question or at some point prior thereto, "left the premises in a more dangerous condition than [it] found them" (*Foster v Herbert Slepoy Corp.*, 76 AD3d at 215; *see Gibson v Dynaserv Indus., Inc.*, 88 AD3d at 1136; *Gadani v Dormitory Auth. of State of N.Y.*, 43 AD3d at 1220). Accordingly, the motion for summary judgment dismissing the complaint should have been granted in its entirety.

Peters, P.J., Rose, Spain and McCarthy, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as partially denied defendants' motion for summary judgment dismissing the complaint; motion granted and complaint dismissed in its entirety; and, as so modified, affirmed.

