■ MARY BELMONTE et al., Appellants, v GUILDERLAND ASSOCIATES, LLC, et al., Defendants, and MATTHEW D. BOWMAN, Individually and Doing Business as UPSTATE PROPERTY MAINTENANCE, Respondent. [976 NYS2d 697]—

Rose, J.P. Appeal from that part of an order of the Supreme Court (McDonough, J.), entered August 29, 2012 in Albany County, which granted defendant Matthew D. Bowman's motion for summary judgment dismissing the complaint against him.

Plaintiffs commenced this action seeking to recover for injuries sustained by plaintiff Mary Belmonte (hereinafter plaintiff) when she slipped and fell on ice in the parking lot of a shopping plaza. The plaza's manager had entered into a maintenance contract with defendant Matthew D. Bowman, doing business as Upstate Property Management, for the clearing of snow

and ice from the plaza's parking lot, as well as a separate contract with defendant Schuyler Brokerage Corporation for the clearing of snow and ice from the plaza's sidewalks. As relevant here, Bowman moved for summary judgment dismissing the complaint against him, and Supreme Court granted his motion, concluding that plaintiffs' theory of liability against him was nothing more than a claim that he had failed to remove all snow and ice from the parking lot. Plaintiffs appeal, and we now reverse that part of the order as granted Bowman's motion.

While a snow removal contractor is generally not liable to injured persons who were not parties to the contract (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Baker v Buckpitt*, 99 AD3d 1097, 1098 [2012]), plaintiffs argue the recognized exception that extends a duty to noncontracting third parties where the contractor fails to exercise reasonable care in the performance of duties such that he or she " 'launche[s] a force or instrument of harm' " (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140, quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]; *see Gibson v Dynaserv Indus., Inc.*, 88 AD3d 1135, 1135 [2011]).

In opposition to the motion for summary judgment, plaintiffs submitted affidavits from experts who opined that, among other things, Bowman's application of plain, untreated rock salt to the parking lot on the morning in question was negligent because temperatures, which were below 20 degrees Fahrenheit, were too cold for plain rock salt to be effective. According to plaintiffs' experts, by using untreated salt instead of treated, low temperature salt, Bowman caused snow shoveled from the sidewalk to the parking lot by a Schuyler employee to melt and then quickly refreeze, creating a layer of ice beneath the snow. There is no dispute that Bowman had the option of using untreated or treated salt pursuant to the contract and that he had both kinds available. There was also evidence that Bowman was aware that snow would be shoveled from the sidewalk onto the parking lot, and the Schuyler employee testified that he had observed salt in the area where plaintiff fell. This evidence sufficiently raises a question of fact as to whether Bowman " 'negligently create[d] or exacerbate[d] a dangerous condition' " by using untreated salt, resulting in the formation of the ice on which plaintiff allegedly slipped (*Torosian v Bigsbee Vil. Homeowners Assn.*, 46 AD3d 1314, 1316 [2007], quoting *Espinal v Melville Snow Contrs.*, 98 NY2d at 142; *see Repetto v Alblan Realty Corp.*, 97 AD3d 735, 736-737 [2012]; *Elsey v Clark Trading Corp.*, 57 AD3d 1330, 1332 [2008]; *see also Urban v City of*

*Albany*, 90 AD3d 1132, 1134 [2011], *lv dismissed* 18 NY3d 921 [2012]). Accordingly, Bowman's motion for summary judgment should have been denied.

McCarthy, Spain and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiffs, by reversing so much thereof as granted defendant Matthew D. Bowman's motion for summary judgment dismissing the complaint against him; motion denied; and, as so modified, affirmed.