Hutchings v Garrison Lifestyle Pierce Hill, LLC (2018 NY Slip Op 00057)





Hutchings v Garrison Lifestyle Pierce Hill, LLC


2018 NY Slip Op 00057


Decided on January 4, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 4, 2018

524859

[*1]CAROLE A. HUTCHINGS et al., Appellants,
v
GARRISON LIFESTYLE PIERCE HILL, LLC, et al., Defendants, and CENOVA, INC., Respondent, and A GREAT CHOICE LAWNCARE AND LANDSCAPING, LLC, Respondent- Appellant.

Calendar Date: November 13, 2017

Before: McCarthy, J.P., Egan Jr., Lynch, Devine and

 Pritzker, JJ.

Hinman, Howard and Kattell, LLP, Binghamton (Alexander D. Racketa of counsel), for appellants.
Smith, Sovik, Kendrick & Sugnet, PC, Syracuse (Brady J. O'Malley of counsel), for respondent.
Williamson, Clune & Stevens, Ithaca (John H. Hanrahan 3d of counsel), for respondent-appellant.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered June 6, 2016 in Broome County, which, among other things, granted motions by defendants A Great Choice Lawncare and Landscaping, LLC and Cenova, Inc. for summary judgment dismissing the complaint against them.
On January 4, 2012, plaintiff Carole A. Hutchings was injured when she fell on ice in a parking lot on property managed by defendant Levin Management Properties and/or defendant Levin Properties, L.P. (hereinafter collectively referred to as Levin) and owned by defendants Garrison Lifestyle Pierce Hill, LLC and/or defendant Garrison Investment Group, LP. Levin contracted with defendant Cenova, Inc. to perform snow and ice removal services and, on January 3, 2012, defendant A Great Choice Lawncare and Landscaping, LLC applied salt to the parking lot pursuant to its subcontract with Cenova for snow and ice removal. Hutchings and her spouse, derivatively, commenced this negligence action seeking damages for the injuries she sustained. Following joinder of issue, Cenova moved for summary judgment dismissing the complaint and granting a cross claim that it asserted against Great Choice for indemnification. Great Choice cross-moved for summary judgment dismissing the complaint and Cenova's cross claim. Supreme Court granted Cenova's motion and Great Choice's cross motion and granted summary judgment in Cenova's favor on its indemnification claim against Great Choice. Plaintiff and Great Choice now appeal.
It is well-settled that a party that contracts with a property owner to provide snow and ice removal services cannot be liable to a third party who is injured on the property unless "(1) . . . the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties launche[d] a force or instrument of harm; (2) . . . the plaintiff detrimentally relie[d] on the continued performance of the contracting party's duties; [or] (3) . . . the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002] [internal quotation marks and citation omitted]; see Baker v Buckpitt, 99 AD3d 1097, 1098 [2012]). Supreme Court determined that Cenova and Great Choice (hereinafter collectively referred to as defendants) were entitled to summary judgment in their favor. On this appeal, plaintiffs do not dispute the court's determination with regard to the sufficiency of defendants' submissions; instead, they contend that the court erred because plaintiffs raised questions of fact with regard to the first and third exceptions described in Espinal.
In opposition to defendants' submissions, plaintiffs claimed that Hutchings slipped and fell on a patch of ice that formed when snow and ice melted and refroze in a depression on the surface of the parking lot. In our view, Supreme Court properly determined that the third Espinal exception was not applicable. On this issue, plaintiffs rely on certain provisions in the agreement between Cenova and Levin that granted Cenova independent authority with regard to aspects of its snow and ice removal services, including, specifically, a provision that obligated Cenova to "report to the property without request . . . when icy, sleet or slush conditions exist," and a provision that encouraged "spot applications" of salt and sand when necessary. The agreement also stated that Levin retained authority over Cenova's work, inasmuch as it prioritized its plowing schedule, told Cenova where to pile snow, detailed the ice removal materials and methods that Cenova was to use and required Cenova to seek Levin's approval before it applied salt and sand in certain circumstances. Accordingly, while Cenova retained some independent authority, we cannot conclude that the agreement "displaced entirely" Levin's duty to maintain the property (Palka v Servicemaster Mgt. Servs. Corp., 83 NY2d 579, 584 [1994]; see Gibson v Dynaserv Indus., Inc., 88 AD3d 1135, 1136 [2011]; Parker v Rust Plant Servs., Inc., 9 AD3d 671, 673-674 [2004]; compare Karac v City of Elmira, 14 AD3d 842, 844 [2005]).
With respect to the first Espinal exception, plaintiffs alleged that defendants "created and/or increased and exacerbated the hazardous condition" in the parking lot. Further, by their bill of particulars, plaintiffs alleged that defendants "fail[ed] to remove the snow and ice" and "creat[ed] the buildup of ice, dirt and frozen slush, which had accumulated on the ground." Further, plaintiffs alleged that the condition that caused Hutchings' injury was the "slippery and [*2]uneven mixture of compacted snow, ice and dirt, and a generally slippery condition including elevation and depression on the surface, which accumulated on the ground in the rear parking area." We find that Supreme Court properly determined that defendants met their initial burdens by establishing that there was no affirmative negligence (see Fung v Japan Airline Co., Ltd., 9 NY3d 351, 361 [2007]).
In opposition to Cenova's motion and Great Choice's cross motion, plaintiffs submitted an affidavit by Howard G. Altschule, a forensic meteorologist. Based on his review of, among other things, the meteorological records and photographs of the parking lot and area where Hutchings fell, Altschule opined that, if the lot had been treated with materials to melt the snow and ice on the day before she fell, "areas of standing water and wet surfaces would have formed, and melt would have pooled at low points on the surface of the parking lot" and, if not treated overnight, these areas would have "frozen and turned to ice" by the time that Hutchings fell the next day. In our view, Altschule's affidavit fails to raise a material question of fact, inasmuch as the evidence demonstrates only that defendants may have failed to clear all of the ice and snow, a fact that does not constitute the affirmative creation of a dangerous condition (see id.; DiGrazia v Lemmon, 28 AD3d 926, 928 [2006], lv denied 7 NY3d 706 [2006]; compare Hannigan v Staples, Inc., 137 AD3d 1546, 1550 [2016] [where contractor may have created dangerous condition by piling chunks of ice which melted then ran downhill and refroze within a depressed area of the parking lot]). Accordingly, Supreme Court properly granted Cenova's motion and Great Choice's cross motion for summary judgment dismissing the complaint against them.
In light of the foregoing, Great Choice's appeal from that part of the order granting Cenova's motion seeking indemnification has been rendered academic.
McCarthy, J.P., Egan Jr., Devine and Pritzker, JJ., concur.
ORDERED that the order is affirmed, without costs.