Vogle v North Country Prop. Mgt., LLC (2019 NY Slip Op 02410)





Vogle v North Country Prop. Mgt., LLC


2019 NY Slip Op 02410


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

527519

[*1]RICHARD VOGLE, Appellant- Respondent,
v
NORTH COUNTRY PROPERTY MANAGEMENT, LLC, Doing Business as NORTH COUNTRY SNOW AND ICE MANAGEMENT, Respondent- Appellant.

Calendar Date: February 15, 2019

Before: Egan Jr., J.P., Clark, Mulvey, Devine and Aarons, JJ.


Abdella Law Offices, Gloversville (Christopher Stanyon of counsel), for appellant-respondent.
Roemer Wallens Gold & Mineaux, LLP, Albany (Matthew J. Kelly of counsel), respondent-appellant.



MEMORANDUM AND ORDER
Mulvey, J.
Cross appeals (1) from an order of the Supreme Court (Catena, J.), entered February 27, 2018 in Montgomery County, which partially granted defendant's motion for summary judgment dismissing the complaint, and (2) from an order of said court, entered March 22, 2018 in Montgomery County, which denied plaintiff's motion to reargue.
Plaintiff slipped on ice and fell as he was exiting his vehicle in the parking lot at his place of employment, the Target Distribution Center in the Town of Amsterdam, Montgomery County. Defendant is a property management company that provided snow removal services at the site pursuant to a contract with USM, Inc., an aggregator of professional services contracts for Target Corporation. Plaintiff commenced this action alleging that defendant's negligent maintenance of the premises caused the injuries that he suffered due to his fall. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint arguing, among other things, that defendant owed no duty to plaintiff. Supreme Court partially denied the motion, finding a question of fact regarding whether defendant launched a force or instrument of harm that caused plaintiff's injuries but rejecting plaintiff's other theories. The court denied plaintiff's subsequent motion for leave to reargue. The parties cross-appeal from both orders.[FN1]
"Because a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002] [citations omitted]; see Baker v Buckpitt, 99 AD3d 1097, 1098 [2012]). "[A] snow removal contractor is generally not liable to injured persons who were not parties to the contract" (Belmonte v Guilderland Assoc., LLC, 112 AD3d 1128, 1129 [2013]; see Baker v Buckpitt, 99 AD3d at 1098). However, a snow removal contractor "may be said to have assumed a duty of care — and thus be potentially liable in tort — to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launches a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties[; or] (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (Espinal v Melville Snow Contrs., 98 NY2d at 140 [internal quotation marks, brackets and citations omitted]; accord Hutchings v Garrison Lifestyle Pierce Hill, LLC, 157 AD3d 1034, 1035 [2018]).
In support of its summary judgment motion, defendant was required to address only the allegations of liability raised by plaintiff in his pleadings (see Baker v Buckpitt, 99 AD3d at 1099). Plaintiff's complaint did not trigger any of the Espinal exceptions, and the bill of particulars triggered only the first. Therefore, defendant met its general burden (including as to the second and third exceptions) by presenting proof that plaintiff was not a party to the contract between defendant and USM nor the contract between USM and Target (see Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]).
Regarding the first exception, defendant did not meet its burden of disproving, as a matter of law, plaintiff's allegations that defendant created the icy condition by piling snow in a location and manner that caused melting and refreezing in the area where he fell. Two individuals who were employed by defendant at the time of the incident testified that snow would melt from the snowbanks, this water would run onto the parking lot, it would freeze when the temperature dropped again and it would become slippery. The evidence was equivocal as to whether the runoff and refreezing would occur in the area where plaintiff fell. Thus, defendant failed to make a prima facie showing that it did not launch a force or instrument of harm that caused injury. Even if defendant had met its burden, plaintiff raised a question of fact through his affidavit averring that the parking lot was covered in ice that morning and that on other occasions he had observed water from the snowbanks running down into the parking lot, in the area where he parked that day, and refreezing when the temperatures fluctuated. Accordingly, Supreme Court properly denied summary judgment regarding the first exception.
Plaintiff did not raise a question of fact regarding the second exception. His averments that he was aware that Target engaged a snow removal contractor and he anticipated that the contractor would do its job are too vague to establish detrimental reliance. In any event, any such reliance would not be justified or reasonable considering the averments in his affidavit that he previously observed refrozen runoff in that area of the parking lot (see Santos v Deanco Servs., Inc., 104 AD3d 933, 934 [2013]).
Plaintiff did not raise a question of fact regarding the third exception. The contract between defendant and USM required defendant to perform snow plowing, snow removal, ice removal and deicing services for the Target Distribution Center, including the parking lots, 24 hours per day and seven days per week with defendant "solely responsible for all [s]ervices." Snow storage or stacking locations were agreed to by the parties during the preseason walk through, with the contract containing express rules and limitations on stacking. USM reserved the right to approve any extra services, including the relocation of snow from the predetermined areas. Further, the contract called for Target, USM and defendant to designate an area where overnight employees would park to ensure that the parking lot could be cleared every shift. Although the contract called for designated employee parking areas to facilitate clearing the snow and ice, Target did not enforce this requirement with its employees, resulting in cars [*2]scattered throughout the parking lots, interfering with snow and ice removal. Defendant's chief executive officer testified that Target required defendant to restrict operations an hour before shift changes due to the traffic. He also undisputedly testified that there was an understanding that defendant would not be deicing between vehicles. Therefore, Supreme Court properly found that the contract was not so comprehensive as to entirely displace Target's duty to maintain the premises safely (see Hutchings v Garrison Lifestyle Pierce Hill, LLC, 157 AD3d at 1036; Parker v Rust Plant Servs., Inc., 9 AD3d 671, 673-674 [2004]; compare Cowsert v Macy's E., Inc., 79 AD3d 1319, 1320 [2010]; Karac v City of Elmira, 14 AD3d 842, 844 [2005]). Accordingly, the motion was properly granted as to the second and third Espinal exceptions, but denied as to the first exception.
Egan Jr., J.P., Clark, Devine and Aarons, JJ., concur.
ORDERED that the order entered February 27, 2018 is affirmed, without costs.
ORDERED that the appeal and cross appeal from the order entered March 22, 2018 are dismissed, without costs.



Footnotes

Footnote 1: As no appeal lies from the denial of a motion to reargue, the appeal and cross appeal from the latter order must be dismissed (see Schillaci v Sarris, 122 AD3d 1085, 1087 [2014]; see also CPLR 5701 [a] [2] [viii]). In any event, defendant's cross appeal from this order would have to be dismissed because defendant was not aggrieved by it; the order denied plaintiff's motion and defendant had not filed a cross motion (see CPLR 5511; Edgar S. v Roman, 115 AD3d 931, 932 [2014]).