■ CELIO GOMEZ, Plaintiff, v NATIONAL CENTER FOR DISABILITY SERVICES, INC., Respondent and Third-Party Plaintiff-Respondent, et al., Defendant. SCHLESINGER BUILDING RESTORATION, INC., Third-Party Defendant-Appellant. [762 NYS2d 51] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered April 30, 2001, which, inter alia, granted the motion of defendant and third-party plaintiff The National Center for Disability Services, Inc. (National) for summary judgment on its claim for contractual indemnification against third-party defendant Schlesinger Building Restoration, Inc. (Schlesinger), unanimously reversed, on the law, without costs, and the motion denied.

On March 17, 1997, plaintiff, an employee of subcontractor Schlesinger, slipped and fell on ice while working on the roof of a building owned and operated by National. He brought an action against National and the general contractor, alleging violations of Labor Law §§ 200, 240 (1) and § 241 (6) and common-law negligence. National brought a third-party action against Schlesinger for contractual indemnification. The order appealed granted National's motion for summary judgment in the third-party action, finding that there was no proof that National was "in any way negligent in causing plaintiff's injuries." This was error.

General Obligations Law § 5-322.1 prohibits the enforcement of indemnification agreements which seek to exempt the indemnitee, here National, as owner and operator of the premises, from liability for negligence (*Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.*, 89 NY2d 786 [1997]). The intent of General Obligations Law § 5-322.1 is "to prevent a prevalent practice in the construction industry of requiring subcontractors to assume liability by contract for the negligence of others" (*id.* at 794). Because the section is inapplicable where liability is purely statutory (*see e.g. Brown v Two Exch. Plaza Partners*, 76 NY2d 172 [1990]), there must be a showing that the indemnitee was actually negligent (*Itri, supra* at 795).

Applying these principles to this case, there is an outstanding issue as to whether National had notice of the hazardous condition causing plaintiff's injury, which precludes summary enforcement of the indemnification agreement. A memo in the record reveals that approximately two months prior to the ac-

cident, National was given written notice of inadequate drainage and ·dangerous water pooling conditions on its roof. Given that National knew about this condition during the winter of 1997, there remains a factual issue as to whether National had constructive notice of the icy conditions which caused plaintiff's accident, and was thus negligent. Accordingly, summary resolution of National's contractual indemnification claim is premature (*Crespo v City of New York*, 303 AD2d 166 [2003]). Concur—Nardelli, J.P., Mazzarelli, Sullivan, Lerner and Marlow, JJ.