■ BERNARDO LOPEZ, Respondent, v NEW YORK LIFE INSURANCE COMPANY et al., Respondents-Appellants. NEW YORK LIFE INSURANCE COMPANY, Third-Party Plaintiff-Respondent-Appellant, v JONES LANG LASALLE AMERICAS, INC., Third-Party Defendant-Appellant-Respondent. [934 NYS2d 136]—

Plaintiff allegedly slipped in a large puddle of water that appeared to be flowing out from under a locked men's room door in a building owned by NYL, managed by JLL, and for which Collins provided janatorial services. The evidence submitted by NYL, Collins and JLL was insufficient to establish as a matter of law that they did not have constructive notice of the hazard. In particular, they failed to provide evidence regarding the inspection procedures followed on the date of the accident or the duration and source of the hazard (*see Castillo v New York City Tr. Auth.*, 69 AD3d 487 [2010]; *Roy v City of New York*, 65 AD3d 1030, 1031 [2009]).

Nor do the submissions of maintenance contractor Collins entitle it to summary judgment dismissing the claim against it on the ground that it owed no duty to plaintiff. A contractor may assume a duty of care toward third parties "where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm' " (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002], quoting *Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]). In this case, the hazard could have been created, for instance, through a failure to correct a drip into a stoppered sink or a failure to notice and report a leak. On a summary judgment motion, the burden is on the movant to demonstrate in the first instance entitlement to judgment as a matter of law (*see Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]). Under circumstances such as these, where plaintiff

is unable to elaborate on how Collins "launched a force or instrument of harm" because *defendants* failed to explain how this undisputed hazardous condition occurred, the burden of the moving defendant cannot be satisfied by relying solely on the limited duty owed by a contractor, or by the assertion that its employees were not present in the building at the time of the accident. Collins' submissions were insufficient to make a showing that it did not launch any force or instrument of harm, and its failure to do so precludes the dismissal of the claim against it on this motion.

NYL's claims for common-law and contractual indemnification against JLL and Collins cannot be resolved summarily until a determination is made as to their negligence, if any (*see e.g. Prenderville v International Serv. Sys., Inc.,* 10 AD3d 334, 338 [2004]; *Gomez v National Ctr. for Disability Servs.,* 306 AD2d 103 [2003]). Similarly, JLL's indemnification claims against NYL cannot be resolved at this juncture.

We have considered appellants' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, DeGrasse, Freedman and Román, JJ.

DeGrasse and Freedman, JJ., dissent in part in a memorandum by DeGrasse, J., as follows: I respectfully dissent because I believe summary judgment should have been granted to the extent of dismissing (1) all of plaintiff's claims against defendant Collins Building Services, Inc. and (2) the claims for contribution asserted against Collins by defendant/third-party plaintiff New York Life Insurance Company, and third-party defendant Jones Lang LaSalle Americas, Inc. (JLL).

Plaintiff was injured when he slipped in a pool of water on the floor of New York Life's office building. Collins provided cleaning services in the building pursuant to a written agreement with New York Life. Standing alone, a contractual obligation will not suffice as a basis for tort liability to persons who are not parties to the contract (*Espinal v Melville Snow Contrs.,* 98 NY2d 136, 138 [2002]). The *Espinal* Court, however, articulated three exceptions to the rule: "[A] party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id.* at 140 [internal quotation marks and citations omitted]).

Because plaintiff's pleadings did not allege the existence of any of the *Espinal* exceptions, Collins demonstrated its prima facie entitlement to judgment as a matter of law by coming forward with proof that plaintiff was not a party to its contract (*cf. Rubistello v Bartolini Landscaping*, 87 AD3d 1003, 1004 [2011]; *see also Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]). In opposing Collins's motion, plaintiff made no showing that there was a triable issue of fact as to whether any of the *Espinal* exceptions applied. Instead, plaintiff makes the conclusory argument that "[Collins] created the subject condition through its negligent inspection, maintenance or repair in the fulfillment of its contractual duties." The argument is insufficient because it does not address the *Espinal* exceptions. Collins is, therefore, entitled to judgment dismissing plaintiff's causes of action against it.

The majority posits that Collins has not met its burden because "plaintiff is unable to elaborate on how Collins 'launched a force or instrument of harm' because *defendants* failed to explain how this undisputed hazardous condition occurred." I disagree with the majority's reasoning because, as set forth above, Collins has made a prima facie showing of entitlement to summary judgment. Moreover, it is not Collins' burden to demonstrate how the underlying flood occurred. It also follows that New York Life and JLL are not entitled to contribution from Collins. Contribution is available only where the party seeking contribution and the party from whom contribution is sought are liable for the same injury (*see* CPLR 1401; *Oursler v Brennan*, 67 AD3d 36, 45 [2009], *lv granted* 68 AD3d 1824 [2009], *appeal withdrawn* 15 NY3d 848 [2010]).

However, I agree with the majority's conclusion that issues of fact preclude the granting of summary judgment on the claims for contractual and common-law indemnification. **[Prior Case History: 2010 NY Slip Op 31595(U).]**