## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  March 31, 2016               521532
_____

PATRICK J. HANNIGAN,
                         Respondent,

        v

STAPLES, INC., et al.,
                         Defendants,

        and

INLAND WESTERN SARATOGA SPRINGS
    WILTON, LLC, et al.,
                         Defendants
                         and Third-
                         Party
                         Plaintiffs-
                         Respondents;                   MEMORANDUM AND ORDER

HAYES PAVING CO., INC.,
                         Third-Party
                         Defendant
                         and Fourth-
                         Party
                         Plaintiff-
                         Respondent-
                         Appellant;

WAYNE SAMASCOTT,
                         Fourth-
                         Party
                         Defendant-
                         Appellant-
                         Respondent.
_____


Calendar Date:  February 9, 2016

Before:  Peters, P.J., McCarthy, Egan Jr. and Lynch, JJ.

                    _____

        Kelly & Leonard, LLP, Ballston Spa (Thomas E. Kelly of
counsel), for fourth-party defendant-appellant-respondent.

Shantz & Belkin, Latham (M. Randolph Belkin of counsel), for Hayes Paving Co., Inc., third-party defendant and fourth-party plaintiff-respondent-appellant.

Finkelstein & Partners LLP, Newburgh (George A. Kohl 2nd of counsel), for Patrick J. Hannigan, respondent.

Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany (John W. VanDenburgh of counsel), for defendants and third-party plaintiffs-respondents.

_____

Peters, P.J.

Cross appeal from an order of the Supreme Court (Nolan Jr., J.), entered January 30, 2015 in Saratoga County, which, among other things, denied third-party defendant's motion for summary judgment dismissing the third-party complaint.

At approximately 5:30 p.m. on February 12, 2008, plaintiff allegedly slipped and fell on a patch of ice on the sidewalk in front of a Staples store located in a shopping plaza owned by defendant Inland Western Saratoga Springs Wilton, LLC and managed by defendant Inland US Management, LLC (hereinafter collectively referred to as Inland). Thereafter, plaintiff commenced this action against Inland, among others,[1] to recover for injuries he sustained as a result of the fall. After answering, Inland commenced a third-party action against third-party defendant, Hayes Paving Co., Inc., the contractor hired to perform snow and ice removal at the plaza. Hayes Paving, in turn, commenced a fourth-party action against fourth-party defendant, Wayne

_____

[1] The action was also brought against defendants Staples, Inc., Staples the Office Superstore East, Inc. and Staples #2055, as lessees/tenants of the premises outside of which plaintiff fell. Supreme Court dismissed the complaint against these defendants, and that determination is not at issue on this appeal.

Samascott, the individual with whom it had entered into an oral agreement to perform its maintenance responsibilities at the plaza. Samascott joined issue and cross-claimed against Hayes Paving for contribution and indemnification, and Inland amended their answer to assert a claim against Samascott seeking the same relief.

Following discovery, Inland cross-moved for summary judgment dismissing the claims against them or, in the alternative, conditional summary judgment on their third-party complaint against Hayes Paving for common-law and contractual indemnification. Hayes Paving moved for summary judgment dismissing the third-party complaint against it, and Samascott moved for summary judgment dismissing the fourth-party complaint and Inland's claim against him. Supreme Court, among other things, denied both Hayes Paving's and Samascott's motions as well as that portion of Inland's motion seeking summary judgment dismissing plaintiff's claims against them, and granted so much of Inland's motion as sought conditional summary judgment on their contractual indemnification claim against Hayes Paving. This cross appeal by Hayes Paving and Samascott ensued.

We first address the viability of Inland's third-party claim for contribution. To establish its prima facie entitlement to judgment as a matter of law dismissing the third-party cause of action for contribution, Hayes Paving was required to demonstrate that it neither owed a duty of care directly to plaintiff nor owed a duty of reasonable care to Inland independent of its contractual obligation (see Davis v Catsimatidis, 129 AD3d 766, 768 [2015]; Bermingham v Peter, Sr. & Mary L. Liberatore Family Ltd. Partnership, 94 AD3d 1424, 1425 [2012]; Kearsey v Vestal Park, LLC, 71 AD3d 1363, 1365 [2010]). While a contractual agreement to provide snow or ice removal services, standing alone, will generally not give rise to tort liability in favor of an injured third party (see Espinal v Melville Snow Contrs., 98 NY2d 136, 141 [2002]; Baker v Buckpitt, 99 AD3d 1097, 1098 [2012]; Knox v Sodexho Am., LLC, 93 AD3d 642, 642 [2012]), a duty to a noncontracting third party will arise "where the contracting party, in failing to exercise reasonable care in the performance of his [or her] duties, 'launche[s] a force or instrument of harm'" (Espinal v Melville Snow Contrs.,

98 NY2d at 140, quoting Moch Co. v Rensselaer Water Co., 247 NY 160, 168 [1928]; see Belmonte v Guilderland Assoc., LLC, 112 AD3d 1128, 1129 [2013]).

Here, there is no evidence that Hayes Paving owed a duty of reasonable care to Inland independent of its obligations under the contract (see Kearsey v Vestal Park, LLC, 71 AD3d at 1366; Phillips v Young Men's Christian Assn., 215 AD2d 825, 826 [1995]). Further, even had Inland alleged sufficient facts in either their complaint or bill of particulars to trigger the aforementioned Espinal exception, thereby requiring Hayes Paving to affirmatively negate its possible applicability (see Baker v Buckpitt, 99 AD3d at 1098-1099; Foster v Herbert Slepoy Corp., 76 AD3d 210, 214 [2010]), we find that Hayes Paving discharged its initial burden in that regard. In support of its motion, Hayes Paving proffered its service agreement with Inland which, as relevant here, required it to plow upon the accumulation of one inch of snow, supply and mechanically spread deicing rock salt, and apply calcium chloride on concrete walkways. To that end, Samascott testified that, on the morning of the accident, he arrived at the plaza and applied rock salt and calcium chloride to the sidewalk and parking lot. He stated that there was no ice along the sidewalk where plaintiff fell and explained that, as a matter of course, any ice that was present on the sidewalk would have been scraped off before he applied rock salt and calcium chloride and would have been directed away from the building. The snow control sheets from the date of the accident corroborated Samascott's account and also demonstrated that there had not been an accumulation of snow prior to 7:00 a.m. on the day of the accident.

In response, Inland demonstrated the existence of factual questions as to whether Hayes Paving, through the actions of Samascott, created the dangerous condition that caused plaintiff to slip and fall, thereby "launch[ing] a force or instrument of harm" (Espinal v Melville Snow Contrs., 98 NY2d at 142 [internal quotation marks, emphasis and citation omitted]). During his examination before trial, plaintiff testified that the patch of ice on which he slipped was "grooved" and "bumpy" and roughly a quarter to a half of an inch in thickness, and explained that, after he fell, he observed "chunks of ice" and "scrapings of ice"

against the nearby building. Inland also relied upon the reports and affidavits of a meteorologist and registered architect submitted by plaintiff in opposition to their summary judgment motion. Upon reviewing the relevant climatological data, the meteorologist concluded that melting and refreezing cycles occurred on February 6, 9 and 10, 2008, which caused new areas of ice to form, and that the air temperature remained below freezing from February 10, 2008 until the date of the accident, thereby indicating that the ice formation at the area of the incident would have been present for at least 48 hours prior to plaintiff's fall. In his affidavit, the architect averred that the sidewalk where plaintiff fell sloped downward from the Staples store towards the parking lot and contained a depression where water could collect and freeze. In light of plaintiff's testimony that ice was piled up against the building's front wall and the evidence of multiple melting and refreezing cycles in the days preceding the accident, he opined that water had drained from the piled ice and pooled in the sidewalk depression, where it froze. Viewing the evidence in a light most favorable to Inland, as the nonmoving party (see Gronski v County of Monroe, 18 NY3d 374, 381 [2011]), we conclude that a question of fact exists as to whether Hayes Paving negligently created a dangerous condition by piling chunks of ice against the Staples store building which, thereafter, melted and refroze into the patch of ice upon which plaintiff allegedly slipped (see Belmonte v Guilderland Assoc., LLC, 112 AD3d at 1129; Gushin v Whispering Hills Condominium I, 96 AD3d 721, 722 [2012]; Elsey v Clark Trading Corp., 57 AD3d 1330, 1332 [2008]; Torosian v Bigsbee Vil. Homeowners Assn., 46 AD3d 1314, 1316 [2007]). Thus, Hayes Paving was not entitled to dismissal of Inland's third-party claim for contribution.

With respect to Inland's claim for contractual indemnification, we find that Supreme Court erred in awarding conditional summary judgment in their favor. The contract provides that Hayes Paving shall "defend, hold harmless and indemnify" Inland "from and against all claims, actions, liabilities, damages, losses, costs and expenses, including attorney's fees, arising out of or resulting from the performance of [s]ervices at the [plaza] by [itself] or [its] subcontractors, agents or employees." Here, the record does not establish as a

matter of law that plaintiff's fall "ar[ose] out of or result[ed] from the performance" of Hayes Paving's deicing obligations (compare DeSimone v City of New York, 121 AD3d 420, 422-423 [2014]; Imperati v Kohl's Dept. Stores, Inc., 91 AD3d 1111, 1114 [2012]).  Moreover, unless Inland is found to be free from negligence — a determination that cannot be made at this juncture — conditional summary judgment for either contractual or common-law indemnification is premature (see Lopez v New York Life Ins. Co., 90 AD3d 446, 448 [2011]; Mesler v PODD LLC, 89 AD3d 1533, 1534-1535 [2011]; Cook v Orchard Park Estates, Inc., 73 AD3d 1263, 1266 [2010]; Gomez v National Ctr. for Disability Servs., 306 AD2d 103, 103-104 [2003]; State of New York v Travelers Prop. Cas. Ins. Co., 280 AD2d 756, 757-758 [2001]).

McCarthy, Egan Jr. and Lynch, JJ., concur.


ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as granted the motion of defendants Inland Western Saratoga Springs Wilton, LLC and Inland US Management, LLC for conditional summary judgment on their third-party claim for contractual indemnification against third-party defendant; said motion denied; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court