Salomon v United States Tennis Assn. (2020 NY Slip Op 01563)





Salomon v United States Tennis Assn.


2020 NY Slip Op 01563


Decided on March 5, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 5, 2020

Richter, J.P., Oing, Moulton, Gonzalez, JJ.


11215 153060/15

[*1] Kristen Salomon, Plaintiff-Respondent,
v
United States Tennis Association, et al., Defendants-Respondents, Levy Restaurants, Defendant-Appellant.


Shook Hardy & Bacon, LLP, Kansas City, MI (Charles C. Eblen of the bar of the State of Missouri and the State of New Jersey, admitted pro hac vice, of counsel), for appellant.
Burns & Harris, New York (Blake G. Goldfarb of counsel), for Kristen Salomon, respondent.
Goldberg Segalla LLP, White Plains (William T. O'Connell and Brendan T. Fitzpatrick of counsel), for United States Tennis Association and United States Tennis Association National Tennis Center, Inc., respondents.
Harris Beach PLLC, New York (Svetlana K. Ivy of counsel), for A & A Maintenance & Contracting, Inc., respondent.



Order, Supreme Court, New York County (Robert D. Kalish, J.), entered April 26, 2018, which denied defendant Levy Restaurants' (Levy) motion for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.
Plaintiff commenced this action alleging personal injuries proximately caused by, inter alia, purported negligence by Levy in the performance of its obligations under an agreement with defendant United Stated Tennis Association (USTA) to provide food services, as well as to manage and clean the venues, at the US Open Tennis Center where its food services were offered. Levy contends that, as a contractor, it does not owe a duty of care to plaintiff, a non-contracting third party, and that none of the exceptions to the general rule apply (see generally Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]). Levy demonstrated that two of the Espinal exceptions do not apply, because the terms of its food services agreement with USTA show that it did not entirely displace USTA's duty to safely maintain the premises, and there is no evidence that plaintiff relied on Levy's performance of its contractual duties. However, plaintiff's factual allegations further claimed that Levy, in the negligent performance of its food services obligations, launched an instrument of harm by creating or exacerbating an alleged hazardous wet condition of the carpet next to the tiled floor where she slipped and fell.
Levy's moving papers did not establish prima facie that it did not create or exacerbate the wet condition through negligent performance of its contractual duties. Inasmuch as there is evidence in the record that the carpet on which plaintiff walked immediately prior to her accident was wet, that Levy's own representative acknowledged that air blowers were operating in the immediate vicinity where plaintiff fell, and that the source of the watery condition in the carpet was not established, Levy could not meet its burden by relying solely on the limited duty owed by a contractor (see Lopez v New York Life Ins. Co., 90 AD3d 446 [1st Dept 2011]). Upon a movant's failure to establish prima facie entitlement to summary judgment, the motion is to be denied notwithstanding the strength of the opponent's evidence (see generally Penava Mech. [*2]Corp. v Afgo Mech. Servs., Inc., 71 AD3d 493, 495-496 [1st Dept 2010]). Further, to the extent Levy's prima facie case was reliant upon hearsay in identifying the purported cause of the wet condition, and since there was conflicting information as to the potential cause of the watery condition, credibility and factual issues are raised.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 5, 2020
CLERK