Moran v 2085 LLC (2020 NY Slip Op 03738)





Moran v 2085 LLC


2020 NY Slip Op 03738


Decided on July 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 2, 2020

Manzanet-Daniels, J.P., Gische, Kern, Oing, González, JJ.


11752 304288/12

[*1] Mayra Moran, Plaintiff-Respondent,
v
2085 LLC, et al., Defendants, Webster Lock & Hardware Co. Inc., Defendant-Appellant.


Marshall Dennehey Warner Coleman & Goggin, P.C., New York (Adam C. Calvert of counsel), for appellant.
William Schwitzer & Associates, P.C., New York (Howard R. Cohen of counsel), for respondent.



Order, Supreme Court, Bronx County (Donald A. Miles, J.), entered on or about December 9, 2019, which denied defendant Webster Lock & Hardware Co. Inc.'s (Webster) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant Webster was retained to make repairs on a stairway in plaintiff's building, where she fell on a loose step. While Webster claims that, as a contractor, it owed no duty of care to plaintiff, the record presents issues of fact as to whether its welders exercised reasonable care while repairing the stairway and caused the subject step to become loose and unstable, thereby launching a force or instrument of harm, causing plaintiff's injuries (see Espinal v Melville Snow Contrs., 98 NY2d 136, 139 [2002]). The property manager for codefendant Chestnut Holding of New York, Inc. testified at his deposition that Webster was retained to repair the stairway, including the step where plaintiff alleges she fell, about a month before the accident and that the work was not completed until after she fell (see Karydas v Ferrara—Ruurds, 142 AD3d 771, 772 [1st Dept 2016]; Lopez v New York Life Ins. Co., 90 AD3d 446, 447 [1st Dept 2011]). Contrary to Webster's contention, notations on its September 22, 2011 invoice do not definitively establish its initial burden to show that its welders did not cause the subject step to become loose and unstable while repairing the stairway or that it owed no duty to plaintiff with respect to its work (see Cardenas v Somerset Partners, LLC, 158 AD3d 439, 440 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JULY 2, 2020
CLERK