Ebalo v Trustees of Columbia Univ. (2021 NY Slip Op 01941)





Ebalo v Trustees of Columbia Univ.


2021 NY Slip Op 01941


Decided on March 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 30, 2021

Before: Gische, J.P., Singh, Scarpulla, Mendez, JJ. 


Index No. 162193/14 595359/15 Appeal No. 13453 Case No. 2020-03028 

[*1]Daniel Ebalo, Plaintiff- Respondent,
v
Trustees of Columbia University et al., Defendants-Appellants. Titan PH LLC, Defendant-Respondent.
Trustees of Columbia University et al., Third-Party Plaintiffs-Appellants,
v
Titan PH LLC, Third-Party Defendant-Respondent.


Rivkin Radlar LLP, Uniondale (J'Naia L. Boyd of counsel), for appellants.
The Flomenhaft Law Firm, PLLC, New York (Andrew Wanger of counsel), for Daniel Ebalo, respondent.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (Brian L. Battisti of counsel), for Titan PH LLC, respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered July 6, 2020, which denied defendant/third-party plaintiff Titan PH LLC's motion for summary judgment dismissing the amended complaint as against it and the third-party complaint and granted Titan's motion for spoliation sanctions to the extent of permitting it to request the preclusion of certain evidence and an adverse inference charge at trial, unanimously affirmed, without costs.
Plaintiff was injured when a water filled, bathroom ceiling light fixture fell on him. Some months earlier, defendant Titan installed a toilet in the apartment immediately above plaintiff's apartment. Titan failed to prima facie establish that it did not proximately cause the injuries sustained by plaintiff by negligently installing a toilet in the apartment above plaintiff's and "launch[ing] a force or instrument of harm" (see Lopez v New York Life Ins. Co., 90 AD3d 446, 447 [1st Dept 2011] [internal quotation marks omitted]; Salomon v United States Tennis Assn., 181 AD3d 446 [1st Dept 2020]). In any event, plaintiff's expert report raised issues of fact. While the expert did not examine the subject toilet, which was disposed of by third-party defendant (Columbia), his opinion was not speculative. He relied upon the testimony of the superintendent and the plumbers, who examined the leaking toilet, the testimony of the upstairs tenant, who denied any physical damage to the toilet after it was installed and his own experience installing the particular model at issue (see Grace v New York City Tr. Auth., 123 AD3d 401, 402 [1st Dept 2014]; McLaughlin v Thyssen Dover El. Co., 117 AD3d 511, 512 [1st Dept 2014]). Given the existence of issues of fact regarding the source of the leak that caused the bathroom light in the apartment below to come loose from the ceiling, it cannot be determined whether the indemnity provision in the contract between Titan and Columbia was triggered (see Morera v New York City Tr. Auth., 189 AD3d 630 [1st Dept 2020]). Titan also failed to prima facie establish that it satisfied the insurance procurement clause in the contract. The evidence submitted shows that it obtained less than the required coverage, and is equivocal as to whether Titan purchased the required coverage for Columbia's benefit.
The motion court providently exercised its discretion in finding nonwillful spoliation by Columbia for negligently disposing of the toilet, but leaving the sanction to the discretion of the trial court (see General Motors Acceptance Corp. v New York Cent. Mut. Fire Ins. Co., 104 AD3d 523, 525-526 [1st Dept 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 30, 2021