Bonnett v Rose Assoc., Inc (2021 NY Slip Op 03368)





Bonnett v Rose Assoc., Inc


2021 NY Slip Op 03368


Decided on May 27, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 27, 2021
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Gische
Kern
Oing
Shulman


Index No. 156597/17 Appeal No. 13943 Case No. 2020-03719 

[*1]David Bonnett, Plaintiff-Respondent,
v
Rose Associates, Inc, et al., Defendants-Respondents, Aggressive Shade Glass & Awning Co. Inc., Defendant-Appellant. 


Weiser & McCarthy, New York (Bari Shinbaum of counsel), for appellant.
Sacco & Fillas, LLP, Astoria (Boris Bernstein of counsel), for David Bonnett, respondent.
Molod Spitz & DeSantis, P.C., New York (Marcy Sonneborn of counsel), for Rose Associates, Inc. and West Eden LLC, respondents.



Gische, J.P., Kern, Oing, Shulman, JJ. 


Order, Supreme Court, New York County (Barbara Jaffe, J.), entered August 3, 2020, which denied defendant Aggressive Shade Glass & Awning Co. Inc.'s motion for summary judgment dismissing the complaint and cross claims against it, unanimously affirmed, without costs.
Plaintiff suffered injury when he unlocked a window in his apartment and the top sash of the window slammed down on his fingers. Defendant Aggressive is the service company that was hired by defendants building owner and manager to repair the window after plaintiff had complained that the bottom part of the window was stiff and difficult to open. The complaint alleges that Aggressive created or exacerbated the unsafe condition of the top part of the window through its negligent inspection.
Aggressive's employee testified that, although he did not have an independent recollection of inspecting the window at issue, it was his habit and routine practice to inspect the top part of the window by using a suction to yank the window open and closed to check if the balances were broken. He further testified that he wrote on the work ticket for the apartment that balances needed to be ordered for plaintiff's window. No other person touched the window between the time of the inspection and the accident.
Aggressive may be held liable to plaintiff under the launch-an-instrument-of-harm exception to the general rule that would insulate a contractor hired by the building to inspect and repair the window from liability to third persons if its inspection left the window "less safe" than it was before (see Espinal v Melville Snow Contr., 98 NY2d 136, 138, 140 [2002]; Stiver v Good & Fair Carting & Moving, Inc., 9 NY3d 253, 257 [2007]). As an initial matter, the testimony of Aggressive's employee was properly considered in support of Aggressive's motion for summary judgment to show that the employee acted in conformity with his habit and practice when inspecting plaintiff's window (see Rivera v Anilesh, 8 NY3d 627, 636 [2007]; Guido v Fielding, 190 AD3d 49, 53-54 [1st Dept 2020]). However, the testimony failed to eliminate all issues of fact as to whether Aggressive's inspection caused the top part of the window to become more "loose and unstable, thereby launching a force or instrument of harm" resulting in plaintiff's injuries (Moran v 2085 LLC, 185 AD3d 424 [1st Dept 2020]; see Jackson v Manhattan Mall Eat LLC, 111 AD3d 519 [1st Dept 2013]).
There is evidence that the only problem with the window before the inspection was that the bottom part was stiff and hard to open when plaintiff and a building handyman tried to open it, that there was no apparent issue with the top sash, which did not fly down when the window was unlocked, that no other person touched the window between the time of the inspection and the accident, and that after Aggressive's inspection, which involved yanking the top part down using suction, the top sash slammed down on plaintiff's fingers when he unlocked the window.
In [*2]view of the foregoing, summary judgment was correctly denied as to the cross claims against Aggressive for common-law contribution and indemnification (see Dollard v WB/Stellar IP Owner, LLC, 96 AD3d 533 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 27, 2021