Rivera v Stand Up MRI of Elmhurst, P.C. (2025 NY Slip Op 01000)

Rivera v Stand Up MRI of Elmhurst, P.C.

2025 NY Slip Op 01000

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-01685
 (Index No. 15361/14)

[*1]Julio E. Rivera, etc., plaintiff,
v
Stand Up MRI of Elmhurst, P.C., appellant.

Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Christopher T. Rogers and Renton D. Persaud of counsel), for appellant.
Pavlounis & Sfouggatakis, LLP (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for plaintiff.

DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated September 26, 2019. The order, insofar as appealed from, denied those branches of the defendant's unopposed motion which were for summary judgment dismissing so much of the complaint as sought to recover damages for medical malpractice or, in the alternative, for leave to renew its motion for summary judgment upon the conclusion of discovery in the action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's unopposed motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for medical malpractice is granted, and that branch of the defendant's unopposed motion which was, in the alternative, for leave to renew its motion for summary judgment upon the conclusion of discovery in the action is denied as academic.
In April 2014, the plaintiff's decedent underwent an MRI at the defendant's facility in connection with injuries she had sustained in a motor vehicle accident. In October 2014, the decedent commenced this action against the defendant, inter alia, to recover damages for medical malpractice arising from the defendant's performance of the MRI. The decedent died after this action was commenced, and the plaintiff, as the administrator of the decedent's estate, was substituted for her. The defendant moved, among other things, for summary judgment dismissing so much of the complaint as sought to recover damages for medical malpractice or, in the alternative, for leave to renew its motion for summary judgment upon the conclusion of discovery in the action. In support of its motion, the defendant relied primarily on the affidavit of the MRI technician who performed the subject MRI. In an order dated September 26, 2019, the Supreme Court, inter alia, denied those branches of the defendant's unopposed motion. The defendant appeals.
"'On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries. If the defendant makes such a showing, the burden shifts to the plaintiff to raise a triable issue of fact as to those elements on which the defendant met its prima facie burden of [*2]proof'" (Santiago v Abramovici, 226 AD3d 720, 721, quoting Stewart v North Shore Univ. Hosp. at Syosset, 204 AD3d 858, 859-860). "A party can rely on custom and practice evidence 'to fill in evidentiary gaps where the proof demonstrates a deliberate and repetitive practice by a person in complete control of the circumstances'" (Martin v Timmins, 178 AD3d 107, 109, quoting Galetta v Galetta, 21 NY3d 186, 197 [internal quotation marks omitted]). Such evidence is generally admissible to prove that a person acted in conformity therewith on a specific occasion "because one who has demonstrated a consistent response under given circumstances is more likely to repeat that response when the circumstances arise again" (Rivera v Anilesh, 8 NY3d 627, 634 [internal quotation marks omitted]; see Martin v Timmins, 178 AD3d at 109). "If these conditions are satisfied, a party should be able, by introducing evidence of such habit or regular usage, to allow the inference of its persistence . . . on a particular occasion" (Rivera v Anilesh, 8 NY3d at 634 [internal quotation marks omitted]). "[E]vidence of 'conduct however frequent yet likely to vary from time to time depending upon the surrounding circumstances' is not admissible as custom and practice evidence" (Martin v Timmins, 178 AD3d at 110, quoting Rivera v Anilesh, 8 NY3d at 634 [internal quotation marks omitted]). "'Custom and practice evidence draws its probative value from the repetition and unvarying uniformity of the procedure involved as it depends on the inference that a person who regularly follows a strict routine in relation to a particular repetitive practice is likely to have followed that same strict routine at a specific date or time relevant to the litigation'" (Huertas v Town of Smithtown, 226 AD3d 656, 658, quoting Galetta v Galetta, 21 NY3d at 197-198).
Here, the defendant demonstrated, prima facie, that it did not deviate from good and accepted medical practice in performing the subject MRI on the decedent. Contrary to the determination of the Supreme Court, the affidavit of the MRI technician who performed the subject MRI satisfied the standard for custom and practice evidence. The MRI technician's habit attestation as to how he performs MRIs and operates the subject MRI machine was sufficient to allow the inference that the MRI technician followed this very same procedure when he performed the subject MRI on the decedent (see Rivera v Anilesh, 8 NY3d 627; Heubish v Baez, 178 AD3d 779, 780-781; see also Bonnett v Rose Assoc., Inc., 194 AD3d 635, 636). Further, the affidavit of the MRI technician was sufficient to demonstrate that he possessed the requisite knowledge and experience to render a reliable opinion with regard to the proper manner in which to operate the subject MRI machine and to position and secure patients such as the decedent while doing so (see Ippolito v Consolidated Edison of N.Y., Inc., 177 AD3d 715, 716; Miele v American Tobacco Co., 2 AD3d 799, 802).
In opposition, the plaintiff, having failed to oppose the defendant's motion, failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557). Accordingly, the Supreme Court should have granted that branch of the defendant's unopposed motion which was for summary judgment dismissing so much of the complaint as sought to recover damages for medical malpractice.
In light of our determination, we need not address the defendant's remaining contention.
MILLER, J.P., WOOTEN, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court