Bass v LT 424 LLC (2025 NY Slip Op 01283)

Bass v LT 424 LLC

2025 NY Slip Op 01283

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Renwick, P.J., Gesmer, Shulman, Rosado, O'Neill Levy, JJ. 

Index No. 150246/16 595218/17|Appeal No. 3835|Case No. 2023-03717|

[*1]Jason B. Bass, Plaintiff-Respondent,
v
LT 424 LLC, et al., Defendants-Respondents-Appellants, The Grenadier Corporation, Defendant-Appellant-Respondent, Wiss, Janney, Elstner Associates, Inc., Defendant-Respondent. LT 424 LLC, et al., Third-Party Plaintiffs-Respondents- Appellants,

Litchfield Cavo LLP, New York (Lyndsey Caldwell of counsel), for appellant-respondent.
Wilson Elser Moskowitz Edelman & Dicker LLP, White Plains (Guy Des Rosiers of counsel), for respondents-appellants.
Friedman, Levy, Goldfarb, Green & Bagley, P.C., New York (Nicholas Bagley of counsel), for Jason B. Bass, respondent.
Blick Law LLC, Purchase (Joseph P. McNulty of counsel), for Wiss, Janney, Elstner Associates, Inc., respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered on or about June 29, 2023, which denied the motions of defendant The Grenadier Corporation and defendants LT 424 LLC and Lord & Taylor, LLC (collectively LT) for summary judgment dismissing the complaint and all cross-claims against them, unanimously affirmed, without costs.
The motion court correctly found that questions of fact exist as to whether Grenadier launched a force of harm so as to make it liable to plaintiff, who was struck by debris that fell from a building faÇade (see Espinal v Melville Snow Contrs., 98 NY2d 136, 141-142 [2002]). There is evidence that a spall in the limestone faÇade at the third story water table was repaired between 2006 and 2007, during a time when Grenadier performed work in that area (see Salomon v United States Tennis Assn., 181 AD3d 446, 446-447 [1st Dept 2020]). The piece of faÇade that broke off showed evidence of repair with a zamac nailin anchor that several witnesses testified was inappropriate for use in limestone. Thus, Grenadier arguably made the faÇade condition more dangerous as a result of its work (see Bharat v RPI Indus., Inc., 100 AD3d 491, 491 [1st Dept 2012]; Grant v Caprice Mgt. Corp., 43 AD3d 708, 709 [1st Dept 2007]; Ocampo v Abetta Boiler & Welding Serv., Inc., 33 AD3d 332, 333 [1st Dept 2006]).
The motion court also correctly denied summary judgment to LT. LT's compliance with Local Law 11 by performing regularly required inspections of the faÇade does not immunize it from liability. There is evidence that an additional inspection, prior to plaintiff's 2015 accident, in connection with a larger proposed project to restore the faÇade, placed LT on notice of the defective condition of the faÇade's water table (see generally Piacquadio v Recine Realty Corp., 84 NY2d 967, 969 [1994]). While bids were received for work that included repairing stone cracks and spalls, it does not appear that LT took any action on those proposals prior to the accident occurring.
We have considered the remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025